UNITED STATES BANKRUPTCY COURT
Western District of Wisconsin

*In re:*                                                                  Case no. 21-12161
    DENNIS WESTLEY ELIASON, and
    AMY MARIE ELIASON,
                      Debtors

DENNIS WESTLEY ELIASON, and
AMY MARIE ELIASON,
                      Plaintiffs,

vs.                                                          Adv. no. 21-_____

UNITED STATES DEPARTMENT OF EDUCATION,
BANK OF NORTH DAKOTA, and,
GREAT LAKES EDUCATIONAL LOAN SERVICES, INC.,
                      Defendants.

# COMPLAINT

Dennis Westley Eliason and Amy Marie Eliason, (hereinafter "Plaintiffs"), by Christianson & Freund, LLC, for their claim against Defendants, allege as follows:

## Jurisdiction and Venue

1. Plaintiffs filed for relief under Chapter 7 of the Bankruptcy Code on October 20, 2021.

2. This Court has jurisdiction of this Adversary Proceeding under 28 U.S.C. §§ 157 & 1334.

3. This is a 28 U.S.C. § 157 core proceeding.

4. Venue is proper under 28 U.S.C. §1409(a).

5. This Court has authority to enter final judgment on all issues raised herein; in the alternative, the parties consent to this Court entering final judgment on all issues raised herein; in the further alternative, the claims herein may be adjudicated as non-core claims.

## The Globe University Loans

6. In 2009, 2010, and 2011, Plaintiff Amy Marie Eliason (hereinafter "Amy") obtained two loans (hereinafter, collectively, the "Globe University Loans") from the Defendant United States Department of Education (hereinafter the "Department"), or an agent of the Department.

7. Amy used the Globe University Loans to attend a Globe University branch in Eau Claire, WI where she studied to become a certified medical assistant.

8. Amy used the Globe University Loans to pay for tuition, costs, and living expenses.

9. Upon graduation, Amy was informed that she would have to seek certification as an additional step to working in her chosen field, but Globe University did not have a program in place to provide such certification.

10. Amy eventually obtained work as a driver for a transport company earning $10.75 per hour but was unable to find employment in the field for which she trained at Globe University.

11. Upon information and belief, the total current balance of the Globe University Loans is approximately $54,362.

12. The Globe University Loans are serviced by Bank of North Dakota.

13. This Globe University Loans are insured, guaranteed, or made by a Governmental unit.

## The CVTC Loans

14. In 2012 and 2013, Plaintiff Dennis Westley Eliason (hereinafter "Dennis") obtained loans (hereinafter, collectively, the "CVTC Loans") from the Department, or an agent of the Department.

15. Dennis used the CVTC Loans to attend Chippewa Valley Technical College, where he obtained a business management degree.

16. Dennis used the CVTC Loans to pay for tuition, costs, and living expenses.

17. After graduating, Dennis worked at one point as a manager earning a maximum salary of approximately $21 per hour. He is currently on Social Security Disability and is unable to work in the management field.

18. Upon information and belief, the total current balance of the CVTC Loans is approximately $34,351.

19. The CVTC Loans are serviced by Great Lakes Educational Loan Services, Inc.

20. This CVTC Loans are insured, guaranteed, or made by a Governmental unit.

### First Cause of Action: Hardship

21. Plaintiffs incorporate by reference the schedules in their associated bankruptcy case no. 21-12161.

22. Plaintiffs were married in 2013.

23. Dennis has been on Social Security Disability since 2019 because he suffers from degenerative disk disease, anxiety, and depression.

24. Dennis' prospects for increased future income are severely limited by his disability.

25. Amy is trained as a medical assistant but not certified.

26. Amy currently works part time as a driver for a transport company.

27. Amy's future career prospects are limited by her lack of certification in her chosen field.

28. Excepting the CVTC and Globe University Loans from discharge will impose an undue hardship on the Plaintiffs and such undue hardship will persist for a substantial period of the repayment period of the obligation.

29. Plaintiffs have made a good-faith attempt to repay the CVTC and Globe University Loans through various combinations of the following: 1) direct payments, 2) income-based repayments, and 3) necessary deferments and forbearances.

30. Plaintiff qualifies for discharge of this Loan under *Brunner v. New York State Higher Educ. Servs. Corp.* 831 F2d 395 (2d Cir. 1987).

### Second Cause of Action: Educational Benefit

31. Upon information and belief, Globe University has closed subsequent to Plaintiff's attendance and graduation, in part because of allegations of fraud and misrepresentation. *Cf. State v. Minn. Sch. of Bus., Inc.*, 899 N.W.2d 467 (Minn. 2017); *State v. Minn. Sch. of Bus., Inc.*, 935 N.W.2d 124 (Minn. 2019).

32. Upon information and belief, Globe University misled Amy about the possibility of obtaining certification as part of their degree program.

33. Upon information and belief, Globe University's ability to participate in any federally-related student loan programs was revoked due to the allegations of fraud and misrepresentation.

34. Upon information and belief, student loans owed directly to Globe University have been canceled due to the allegations of fraud.

35. Further, the Globe University Loans were represented to be, and in fact used for, living and personal expenses in addition to education expenses.

36. As a result, the Globe University Loans were neither an educational benefit loan nor a qualified education loan under section 523(a)(8) of the Bankruptcy Code.

WHEREFORE, Plaintiff requests the Court enter Orders:

(a) to determine that the CVTC Loans and/or the Globe University Loans are not excepted from discharge in this bankruptcy case for the reasons stated above, or in the alternative;

(b) to determine that an equitable portion of the CVTC Loans and/or the Globe University Loans be determined to be dischargeable so as to prevent undue hardship on the Plaintiff and for deferment of such non-dischargeable amounts until Plaintiff is reasonably able to commence payments on the same in periodic amounts set by the Court, and;

(c) other such relief as the Court deems just and proper.

Dated November 24, 2021.

CHRISTIANSON & FREUND, LLC
Counsel for Plaintiffs

<u>Post Office Address</u>
920 So. Farwell St.
P.O. Box 222By: __/s/_____
Eau Claire, WI  54702-0222Attorney Daniel C. Rislove
715/832-1800